The Honorable Robin Green Benton County Attorney Benton County Courthouse 201 N.E. 2d Street Bentonville, AR 72712
Dear Ms. Green:
I am writing in response to your request for my opinion regarding application of the Arkansas Freedom of Information Act ("FOIA"), A.C.A.25-19-101 et seq. (Repl. 1996 Supp. 2001). You have submitted your requests pursuant to A.C.A. 25-19-105(c)(3)(B), which authorizes the custodian, requester, or subject of personnel or evaluation records to seek an opinion from the Attorney General regarding the disclosability of certain public records.
Specifically, you report that the Morning News of Northwest Arkansas has submitted to the Benton County Sheriff's Office an FOIA request "for documents relating to a disciplinary action taken against a jail lieutenant, three jail sergeants and one acting jail sergeant, and two deputies with respect to the release of Benton County Jail inmates for work-release." The request specifically seeks disclosure of "the letters informing all the parties of the disciplinary actions against them and any document relating to any investigation the Sheriff's Office has made with respect to failure to follow the policies of the work-release program, including any incident reports, memorandums or any other document." The reporter seeking this information represents in his FOIA request that the lieutenant involved was demoted as a result of the incident(s) at issue. You report in your request to me that none of the employees involved was suspended or terminated.
The FOIA provides for the disclosure upon request of certain "public records," which are statutorily defined as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(1). In my opinion, records relating to the job performance of the sheriff's office employees referenced in your request are clearly "public" under this definition.
Under the provisions of the FOIA, "employee evaluation or job performance records" are disclosable only under the following circumstances:
 (a) There has been a final administrative resolution of any suspension or termination proceeding;
 (b) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (c) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
Public records relating to disciplinary actions are properly classified as "employee evaluation or job performance records" subject to the standard for disclosure just recited. See Ark. Ops. Att'y Gen. Nos.2001-112, 99-412; 97-222; 95-351; 94-306; 93-055. I have consistently opined that records which detail an employee's performance or lack of performance with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. Id.
Under the facts as recited above, none of the public employees at issue, including the reportedly demoted lieutenant, has been suspended or terminated from employment. Accordingly, in my opinion, A.C.A. §25-19-105(c)(1) prohibits disclosure of the requested documents.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh